IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY LLOYD GARRETT, | No. 2:11-cv-1778-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| RANDY GROUNDS, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment.  See 28 U.S.C. § 636(c).  Pending before the court is Respondent's motion for reconsideration of the court's order denying the motion to dismiss (Doc. 32).

Respondent originally filed a motion to dismiss the petition in this action as filed beyond the one year statute of limitations.  Petitioner opposed that motion on the basis that he was entitled to equitable tolling and/or was entitled to an exception based on his actual innocence of the underlying crime.  The court found petitioner was not entitled to equitable tolling, but that his actual innocence argument was possible and he was therefore entitled to an exception of the

1


Case 2:11-cv-01778-CMK   Document 49   Filed 03/06/14   Page 2 of 7

statute of limitations in order to have his federal constitutional claims heard. Respondent now brings the motion for reconsideration on the basis that the court applied the incorrect standard to petitioner's actual innocence claim.

In the court's prior order, it was determined that the statute of limitations has clearly run on petitioner's challenge of his state court proceedings. That determination is not challenged in the current motion, and will not be restated here. Similarly, the determination that petitioner is not entitled to equitable tolling is not challenged and will not be addressed herein. As to the application of the petitioner's actual innocence claim, the court stated as follows:

> Finally, petitioner argues he is actually innocent of the underlying crime, thus exempting him from the statute of limitations. The Ninth Circuit Court of Appeals has recently found that "a credible claim of actual innocence" may be sufficient to have otherwise time-barred claims heard on the merits. Lee v. Lampert, 653 F.3d 929, 932-33 (9th Cir. 2011).
> In Lee, the Court held that a credible claim of actual innocence constitutes an equitable exception to ADEPA's statute of limitations, and a petitioner who makes such a showing may pass through the Schlup gateway and have his otherwise time-barred claims heard on the merits. See id. (citing Schlup v Delo, 513 U.S. 298, 314-16 (1995)). Thus, if an otherwise time-barred habeas petitioner demonstrates that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner may pass through the Schlup gateway and have his constitutional claims heard on the merits. See Lee, 653 F.3d at 937.
> It is the petitioner's burden to produce sufficient proof of actual innocence to bring him within the narrow class of cases implicating a fundamental miscarriage of justice. See id. The petitioner must submit new, reliable evidence that undercuts the reliability of the proof of guilt and is so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error. See id. at 937–38 (citing Schlup v. Delo, 513 U.S. 298, 314–16 (1995)). The evidence may be exculpatory scientific evidence, trustworthy eyewitness accounts, and critical physical evidence. A petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. The court considers all new and old evidence and makes a probabilistic determination of what reasonable, properly instructed jurors would do. See id. at 938. The Court in Lee expressly declined to decide what level, if any, of diligence is required for one raising the equitable exception of actual innocence. See id. at 934 n. 9.

1    Here, petitioner argues he is actually innocent of the charges to which he plead guilty. He supports that argument with a declaration, signed under penalty of perjury, from his son (who was his co-defendant) which states petitioner was not involved in the crime. The affidavit by petitioner's son, Robert Garrett, in support of petitioner's actual innocence argument states as follows:

> I, inmate/co-Defendant Robert Thomas Garrett, am writing this affidavit legal statement to legally confess that I was the lone Defendant that robbed the Denny's restaurant on February 05, 2008, at 48 Antelope Blvd., Red Bluff, California 96080, in the County of Tehama. As I am only gilty [sic] to this crime. On April 01, 2008, I did legally and lawfully wish to inform my criminal attorney of record that I wish to legally state factual truth of this robbery and not implicate my biological father Jimmy Garrett, in this crime at al. He had nothing to do with this criminal act. I acted alone. Nor was he ever involved in this case at any time. I Robert Thomas Garrett wish to apologize to my father Jimmy Lloyd Garrett as he was not ever involved in this crime at anytime. I was the lone criminal in this crime at all times. I make this factual statement without being pressured nor under any stress or duress to tell the truth of this crime. My father Jimmy Lloyd Garrett, did not participate in any way with this crime. I did act alone. I Robert Thomas Garrett state this fact under the penalty of perjury to be true and correct.

(Petition, Doc. 1, at 13).

Respondent argues this statement is inherently suspect as it is offered by a family member and was only offered after both petitioner and his son were sentenced for the crime they plead guilty to. While statement from family members may be unreliable, here the statement is offered under penalty of perjury and the court is not convinced that it is inherently unreliable for what it is offered. This is not a character statement, but rather is a statement by petitioner's co-defendant indicating that it was he alone who perpetrated the crime, and that petitioner had not participated in the crime. The evidence offered in support of a petitioner's claim of actual innocence to pass through the Schlup gateway must be reliable, and must show that it is more likely than not no reasonable juror would convict the petitioner in light of that evidence. A declaration from a co-defendant, family member or not, explaining the petitioner was not involved in the crime, could be sufficient for a reasonable juror to find reasonable doubt. Thus, the evidence provided to the court is sufficient to allow petitioner to pass through the Schlup gateway, and have the merits of his constitutional claims[] addressed.

> Based on the foregoing, the undersigned finds the petitioner's federal habeas petition was filed beyond the statute of limitations. Petitioner is not entitled to a later trigger date or equitable tolling based on his mental defects. However, as an exception to the statute of limitations, petitioner has provided sufficient support for his claim that he may be actually innocent of the charges to which he entered a guilty plea. As such, he is eligible to pass through the Schlup gateway in order to have his constitutional claims addressed on the merits, which do not include a stand alone actual innocence claim. Respondent will therefore be required to file a response to the petition.

Order, Doc. 31.

The court may grant reconsideration of a final judgment under Federal Rules of Civil Procedure 59(e) and 60. Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); see also Schroeder v. McDonald, 55 F.3d 454, 458-59 (9th Cir. 1995). The motion must be filed no later than twenty-eight (28) days after entry of the judgment. See Fed. R. Civ. P. 59(e). Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[1] See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988); see also 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); accord School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Under Rule 60(a), the court may grant reconsideration of final judgments and any order based on clerical mistakes. Relief under this rule can be granted on the court's own motion and at any time. See Fed. R. Civ. P. 60(a). However, once an appeal has been filed and docketed, leave of the appellate court is required to correct clerical mistakes while the appeal is

---

[1] If reconsideration is sought based on new evidence which could not have been discovered through due diligence in time to move for reconsideration under Rule 59(e), relief may be available under Federal Rule of Civil Procedure 60(b)(2). A motion under Rule 60(b)(2) may not be brought more than one year after entry of judgment.

4

pending.  See id.

Under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on, among other things:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party.  A motion for reconsideration on any of these grounds must be brought within a reasonable time and no later than one year of entry of judgment or the order being challenged.  See Fed. R. Civ. P. 60(c)(1).

Respondent's motion is based on an argument that the court erred in the application of the actual innocence gateway standard.  Specifically, respondent argues that the court set forth the correct standard under Schlup, that in order for the actual innocence gateway to apply, no reasonable juror could have found petitioner guilty.  However, in applying that standard, the court found that a reasonable juror could have found petitioner not guilty based on the submitted declaration.

Reviewing the motion and the court's prior order, the undersigned finds respondent's argument compelling.  Respondent is correct that the standard to find a claim of actual innocence as an equitable exception to the statute of limitations, a petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.  See Lee v. Lampert, 653 F.3d 929, 937 (9th Cir. 2011).  However, in applying that standard to petitioner's claim of actual innocence, as stated above, the court determined that a reasonable juror could have found petitioner not guilty, lowering the standard.

The application of the actual innocence gateway is a high standard to meet, that only applies to a narrow class of cases in order to avoid a fundamental miscarriage of justice.  Determining that a reasonable juror may have found petitioner not guilty based on the declaration petitioner submitted lowered that standard.  In applying the stricter standard, that no reasonable juror would have found petitioner guilty, the undersigned finds that petitioner fails to meet that

standard.

Petitioner acknowledged that he plead guilty to the underlying charges. In order for a jury to find petitioner not guilty, he would have to overcome the credibility issue in retracting the guilty plea, his son's credibility in retracting his prior inconsistent statements, as well as any other evidence the prosecution had to present to the jury. It is therefore unreasonable to find that no reasonable juror would have convicted petitioner under those circumstances. While a reasonable juror may have found the evidence sufficient to find petitioner not guilty, it is just as reasonable that a juror would have found the new exculpatory evidence insufficient to find petitioner not guilty. Therefore, the undersigned cannot find it more likely than not that no reasonable juror would have convicted petitioner in light of his son's declaration.

In his opposition to the motion for reconsideration, petitioner continues to assert his innocence, resubmitting declarations in support thereof. He does not provide any basis for the court to determine the correct standard was previously applied.

The undersigned finds the application of the actual innocence standard was misapplied in the court's prior order. Applying the standard correctly, petitioner fails to meet the actual innocence standard in order to pass through the Schlup gateway. Thus, the motion to dismiss should have been granted.

Pursuant to Rule 11(a) of the Federal Rules Governing Section 2254 Cases, the court has considered whether to issue a certificate of appealability. Before petitioner can appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Where the petition is denied on the merits, a certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. See Fed. R. App. P. 22(b). Where the petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1)

'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595, 1604 (2000)). For the reasons set forth above and in the court's prior order, the court finds that issuance of a certificate of appealability is not warranted in this case.

        Accordingly, IT IS HEREBY ORDERED that:

        1.    The motion for reconsideration (Doc. 32) is granted;

        2.    Respondent's motion to dismiss (Doc. 16) is granted;

        3.    No certificate of appealability shall issue; and

        4.    The Clerk of the Court is directed to enter judgment and close this case.

DATED: March 6, 2014

                                                                                                    **CRAIG M. KELLISON**
                                                                                UNITED STATES MAGISTRATE JUDGE